UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JOSEPH FERLITO and ANGELO
FERLITO,

                Plaintiffs,                      **MEMORANDUM & ORDER**

   -against-                        Civil Action No.  06-5708
                                        (DRH)(AKT)

THE COUNTY OF SUFFOLK, and P.O.
CHRISTIAN HUBERT; and P.O.
MICHAEL S.  TURANSKY; and
STEVEN A.  LEVY a/k/a STEVE LEVY

                Defendants.
-----------------------------------------------------X

**APPEARANCES:**

**Victor M.  Serby, Esq.**
Attorney for Plaintiffs
255 Hewlett Neck Road
Woodmere, NY 11598-1452

**Christine Malafi**
**Suffolk County Attorney**
Attorney for Defendants
H.  Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788
By: Susan A.  Flynn, Esq.

**HURLEY, Senior District Judge:**

       Plaintiffs, Joseph Ferlito and Angelo Ferlito (collectively "Plaintiffs"), commenced this

asserting claims pursuant to 28 U.S.C. § 1983, as well as New York state law.  Plaintiffs' claims

all have their genesis in an altercation that apparently took place between the Plaintiffs and

Defendants Christian Hubert ("Hubert") and Michael Turansky ("Turansky"), who are Suffolk

County Police Officers.  Presently before the Court is a motion seeking dismissal of (1) all

Plaintiffs' state law claims against Suffolk County and (2) Angelo Ferlito's defamation claim against Defendant Steve Levy ("Levy") and Suffolk County. For the reasons set forth below, the motion is granted in part and denied in part.

### *Background*

The relevant facts alleged by Plaintiffs, which are accepted as true for purposes of this motion, are as follows. On July 24, 2005 at East Saltaire Road, Lindenhurst, New York, Plaintiffs were physically assaulted, beaten, detained and arrested, falsely charged, and incarcerated by Officers Turnsky and Hubert. All this occurred in the presence of Angelo Ferlito's child. As a result of the beating and actions of the police officers, the Plaintiffs were injured. Several months later, on November 17, 2005 the Long Island Press published an article about the July 25, 2005 incident in which Levy is quoted as saying "These brothers have a history of disorderly conduct and were resisting arrest." At the time of the statement, Levy was County Executive for Suffolk County. Angelo Ferlito is an attorney and the words are alleged to be harmful to his reputation as an attorney.

On or about October 19, 2005, Plaintiffs served a notice of claim. Because the content of this notice of claim is at issue on this motion, a description of its content is provided.[1] In its prefatory paragraph, the notice of claim states that the claimants are asserting their claims "against THE COUNTY OF SUFFOLK, New York and Suffolk County Police Officers TURNSKY and HUBERT to the extent said officers are employed or indemnified by THE

---

[1] According to the parties' papers, a second notice of claim with respect to the November 17, 2005 article was served. The second notice of claim is not at issue on this motion.

COUNTY OF SUFFOLK . . . ." Notice of Claim at 1 (capitalization in original).[2] The notice then contains four sections. The first section contains the name and address of the Plaintiffs and their attorneys. The second section is entitled "nature of the claim(s)" and sets forth the following: "assault, battery, false arrest, defamation, intentional infliction of emotional distress, use of excessive force, malicious prosecution and violations of claimants' rights under 42 U.S.C. § 1983." *Id.* The third section is entitled "time, place and manner in which the claim arose" and contains a recitation of the events on July 24, 2005. The fourth section sets forth the amount of the claim.

Thereafter, Plaintiffs filed their complaint asserting the following causes of action: § 1983 claims against Hubert and Turansky (first cause of action) and Suffolk County (second cause of action); battery against Hubert, Turansky and Suffolk County (third cause of action); assault against Hubert, Turansky and Suffolk County (fourth cause of action); negligent, hiring, training and retaining against Suffolk County (fifth cause of action); "§ 1983 via false arrest" (sixth cause of action); common law false arrest (seventh cause of action)[3]; and defamation against Levy and Suffolk County (eighth cause of action).

### *Discussion*

## I. Motion to Dismiss: Legal Standard

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim

---

[2] The Notice of Claim is Ex. 2 to the Aff. of Susan Flynn.

[3] Not the model of clarity, the complaint does not specify precisely against whom the sixth and seventh causes of action are asserted. Rather, these two causes of action are indiscriminately asserted against "defendants." The Court presumes they are asserted against Hubert, Turansky and Suffolk County.

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court

recently clarified the pleading standard applicable in evaluating a motion to dismiss under Rule

12(b)(6). In *Bell Atl. Corp. v. Twombly*, – U.S.–, 127 S. Ct. 1955 (2007), the Court disavowed

the well-known statement in *Conley v. Gibson*, 355 U.S. 41 (1957) that "a complaint should not

be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. The

*Twombly* Court stated that this language "is best forgotten as an incomplete, negative gloss on an

accepted pleading standard: once a claim has been stated adequately, it may be supported by

showing any set of facts consistent with the allegations in the complaint." 127 S. Ct. at 1969.

Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts

to state a claim to relief that is plausible on its face." *Id.* at 1274.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss
> does not need detailed factual allegations, a plaintiff's obligation to
> provide the grounds of his entitlement to relief requires more than
> labels and conclusions, and a formulaic recitation of the elements
> of a cause of action will not do. Factual allegations must be
> enough to raise a right to relief above the speculative level, on the
> assumption that all the allegations in the complaint are true (even if
> doubtful in fact).

*Id.* at 1964-65 (citations and internal quotation marks omitted).

The Second Circuit has stated that *Twombly* does not require a universally heightened

standard of fact pleading, but "instead requir[es] a flexible 'plausibility standard,' which obliges

a pleader to amplify a claim with some factual allegations in those contexts where such

amplification is needed to render the claim *plausible.*" *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d

Cir. 2007). In other words, *Twombly* "'require[s] enough facts to 'nudge[plaintiffs'] claims

across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, – F.3d –, No. 06-3128-CV, 2007 WL 2471805, at *2 (2d Cir. Sept. 4, 2007) (quoting *Twombly*, 127 S. Ct. at 1974)).[4]  As always, the Court must "accept[] all factual allegations in the complaint and draw[] all reasonable inferences in the plaintiff's favor." *ATSI Commcn's, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

## II.  The Parties' Contentions

Defendant Suffolk County moves to dismiss the state law claims asserted against it on the ground that Defendant has failed to comply with the notice of claim requirements of New York General Municipal Law 50-e.  According to Suffolk County, the notice of claim "does not contain facts or allegations regarding claims against the County arising out of respondeat superior or joint and several liability."  Defs.' Mem.  at 4.  In addition, the Suffolk County argues that "[t]he failure to provide specific factual allegations concerning a municipality's negligent hiring, training or retention practices in the notice of claim bars the Plaintiffs from asserting those claims in the lawsuit."  *Id.*

Suffolk County and Levy also move to dismiss the defamation claim.  They argue that the statement at issue (1) is not defamatory; (2) does not support a finding of slander per se and (3) is substantially true.  Levy also asserts he is entitled to qualified immunity.

Plaintiffs counter that the complaint states a claim for defamation and the defendants' contentions are best characterized as affirmative defenses.  As to the notice of claim, Plaintiffs

---

[4]  Although *Twombly* did not make clear whether the plausibility standard applies beyond the antitrust context, the Second Circuit has "declined to read *Twombly's* flexible 'plausibility standard' as relating only to antitrust cases." *ATSI Commn's, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 n.2 (2d Cir. 2007).

claim that because state law claims made in § 1983 cases are within the Court's supplemental jurisdiction, the notice of claim requirements do not apply. In addition, Plaintiffs maintain that the notice of claim "need not expound every legal theory on which the claim is based, but rather must give the municipality enough information so that they can investigate the claims . . . ." Pls.' Mem at 14.

### III. Compliance with New York's Notice of Claim Requirements

Under New York law, a notice of claim is a condition precedent to bringing certain tort actions against a municipality such as Suffolk County for damages sustained by reason of the negligence or wrongful act of the municipality or its officers, agents or employees. *See* N.Y. Gen. Mun. Law §50-i; *Hardy v. New York City Health & Hosp. Corp.,* 164 F.3d 789, 793 (2d Cir. 1999). "[T]he general rule [is] that in a federal court, state notice-of-claim statutes apply to state-law claims." *Id.* (citing *Felder v. Casey*, 487 U.S. 131, 151 (1988)). Notwithstanding Plaintiffs' argument to the contrary, the law is clear that "[t]he notice of claim requirements apply equally to state tort claims brought as pendent claims in a federal civil rights action." *Warner v. Village of Goshen Police Dept.,* 256 F. Supp. 2d 171, 175 (S.D.N.Y. 2003). *Accord Jones v. Nassau County Sheriff Dept.*, 285 F. Supp. 2d 322, 327 (E.D.N.Y. 2003).

The Court now turns to Suffolk County's claim that the notice was deficient. The required contents of a notice of claim is set forth in General Municipal Law § 50-e. In determining the sufficiency of a notice of claim, the relevant inquiry is "whether it includes information sufficient to enable the [municipality] to investigate the claim . . . ." *O'Brien v. City of New York*, 54 N.Y.2d 353, 357 (1981). Specifically, the notice should include a description sufficient to allow the municipality to "locate the place, fix the time [,] and understand the nature

of the [claim]." *Brown v. City of New York*, 95 N.Y.2d 389, 393 (2000). The circumstances of each case will determine whether the notice complies with the content requirement of section 50-e. *See Levine v. City of New York*, 111 A.D.2d 785, 786 (2d Dept. 1985).

Here, the notice of claim is sufficient as to claims asserted against the County arising out of respondeat superior or joint and several liability. In its prefatory section the notice states that the claims are being asserted against the police officers and Suffolk County " to the extent said officers are employed or indemnified by" Suffolk County. Fairly read, this prefatory statement is sufficient to allege liability on the part of Suffolk County on the basis of respondeat superior or joint and several liability for those state causes of action specified in the notice, i.e., assault, battery, false arrest, defamation, intentional infliction of emotional distress, use of excessive force, and malicious prosecution.

However, the notice does not specify a claim for negligent hiring, training or retaining practices. *Cf. Rivera v. City of New York*, 392 F. Supp. 2d 644, 657 (S.D.N.Y. 2005) (striking cause of action not identified in notice of claim). Moreover, the notice contains no factual allegations with respect to such a cause of action. The facts alleged in the notice of claim are limited to the occurrences of July 24, 2005 and the facts with respect to negligent hiring, training and retention would, of necessity, have occurred prior to that date. Accordingly, the motion to dismiss the claim for negligent, hiring, training and retention for failure to file a notice of claim with respect thereto is granted. *See Urena v. City of New York*, 221 A.D.2d 429, 429 (2d Dept. 1995); *accord Santoro v. Town of Smithtown*, 40 A.D.3d 736, 737 (2d Dept. 2007) (dismissing claims for which the notice of claim did not contain any factual allegations).

In sum, the motion to dismiss for failure to comply with New York's notice of claim

requirements is granted as to the claim for negligent hiring, training and retention (the fifth cause of action) but otherwise denied.

## IV.  The Defamation Claim

Angelo Ferlito asserts a claim for defamation based on Levy's alleged statement to a reporter for the Long Island Press that "[t]hese brothers have a history of disorderly conduct and were resisting arrest."  According to the complaint, Angelo Ferlito is an attorney and the words spoken by Levy are harmful to his reputation as an attorney, constituting slander per se.

"The elements of a cause of action for slander under New York law are (i) a defamatory statement of fact, (ii) that is false, (iii) published to a third party, (iv) 'of and concerning' the plaintiff,  (v) made with the applicable level of fault on the part of the speaker, (vi) either causing special harm or constituting slander per se, and (vii) not protected by privilege."  *Albert v. Loksen*, 239 F.3d 256, 265-66 (2d Cir. 2001) (citations omitted).  A defamatory statement of fact is one that "tends to expose the plaintiff to public contempt, ridicule, aversion, or disgrace or induce an evil opinion of him in the minds of right-thinking people to deprive him of their friendly intercourse in society." *Rinaldi v.  Holt, Rinehardt & Winston, Inc.*, 42 N.Y.2d 369, 379 (1977).  "[I]f the language is not of such a nature, that is, if it merely constitutes a general reflection on a person's character or qualitites, it is not a matter of such significance and importance as to amount to actionable defamation even though it may be unpleasant, annoying, or irksome, or may subject the plaintiff to jests or banter so as to affect his feelings."  N.Y. Jur. Defam. § 5.

Generally, slander is not actionable unless the plaintiff suffers special damages. *Liberman v.  Gelstein*, 80 N.Y.2d 429, 434 (1992).  Here, no special damages are alleged and

therefore the claim cannot be sustained unless Angelo Ferlito has stated a claim falling within one of four exceptions collectively referred to as slander per se.   A claim for slander per se is limited to allegations that: "(i) charge the plaintiff with a serious crime; (ii) tend to injure the plaintiff in his or her trade, business or profession; (iii) imply that the plaintiff has a loathsome disease; or (iv) impute unchastity to a woman." *Albert*, 239 F.3d at 27; *Liberman*, 80 N.Y.2d at 435.  In determining whether words are slanderous per se, they "should be considered in the context in which they were used and whether they can be readily interpreted as imparting to plaintiff fraud, dishonesty, misconduct or unfitness in his or her business. *Herlihy v. Metropolitan Museum of Art*, 214 A.D.2d 250, 261 (1st Dept.  1995).

The defamation claim must fail.  Even assuming that the statement is one that exposes Angelo Ferlito to public contempt, ridicule, aversion or disgrace, the words are not slanderous per se.  The words do not charge Angelo Ferlito with a serious crime.  "Not every imputation of unlawful behavior is slanderous per se.  With the extension of criminal punishment to many minor offenses, it was obviously necessary to make some distinction as to the character of the crime, since a charge of a traffic violation, for example, would not exclude a person from society, and today, would do little, if any, harm to his or her reputation at all.  Thus, the law distinguishes between serious and relatively minor offenses and only statements regarding the former are actionable without proof of damage." *Liberman*, 80 N.Y.2d at 436 ( internal quotations and citations omitted).  Under New York Law disorderly conduct is a violation and resisting arrest is a misdemeanor and do not constitute slander per se. *Cf. id.* (holding statement accusing the plaintiff of  harassment is not slanderous per se).

Nor is the statement one that tends to injure Angelo Ferlito in his profession.  "That

exception . . . is limited to defamation of a kind incompatible with the proper conduct of the business, trade, profession or office itself. The statement must be made with reference to a matter of significance and importance for that purpose, rather than a more general reflection upon plaintiff's character or qualities." *Id.* The statement at issue here is unrelated to plaintiff's status as an attorney and therefore does not fall into the "trade, business or profession" exception. *Cf. id.* Accordingly, the claim for defamation (the eighth cause of action) is dismissed.

### *Conclusion*

The motion to dismiss is granted as to the fifth and eighth causes of action but otherwise denied.

**SO ORDERED**.

Dated: Central Islip, New York
      November 19, 2007.

/s/_____
Denis R.  Hurley
Senior District Judge